IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

AMY ROBERTS                                                                                      PLAINTIFF

vs.                                         Civil No. 1:08-cv-01040

MICHAEL J. ASTRUE                                                                          DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Amy Roberts ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 2).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed her application for DIB on May 10, 2005.  (Tr. 13, 51-53, 56). Plaintiff alleged she was disabled due to seizures and pain in her left leg, left hip, right arm, and right shoulder. (Tr. 89, 326-328).  Plaintiff alleged an onset date of April 10, 2005 when she was involved in an automobile accident.[2]  (Tr. 51, 325-326).  This application was initially denied on July 20, 2005

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

[2] Plaintiff's 13-year-old or 14-year-old son was driving when this accident occurred.  (Tr. 328-330). Immediately after this accident, Plaintiff tested positive for amphetamines and marijuana.  (Tr. 329-330).

and was denied again on reconsideration on November 10, 2005. (Tr. 32-33).

On January 11, 2006, Plaintiff requested an administrative hearing on her application. (Tr. 28). This hearing request was granted, and on February 13, 2007, the ALJ held an administrative hearing in El Dorado, Arkansas. (Tr. 317-360). Plaintiff was present and was represented by counsel, Purcell Freeman, at this hearing. *See id.* Plaintiff, Dawn Griffis (Plaintiff's friend), and Vocational Expert ("VE") Tyra Watts testified at this hearing. *See id.* On the date of this hearing, Plaintiff was thirty-one (31) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had obtained her G.E.D. *See id.*

On August 16, 2007, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 13-19). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act at all times pertinent to his decision. (Tr. 18, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date. (Tr. 18, Finding 2). The ALJ determined Plaintiff had the following severe impairments: seizure disorder and fractures of the left femur and right humerus. (Tr. 18, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18, Finding 3).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 18, Findings 4-5). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed limitations were not totally credible. (Tr. 15-16; 18, Finding 4). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the

record, that Plaintiff retained the following RFC:

> The claimant has the following limitations: lift and carry 20 pounds occasionally, 10 pounds frequently, stand and walk 6 hours in an 8 hour workday and sit 6 hours in an 8 hour workday, 1-2 hours without interruption, overhead reaching with right shoulder is limited, occasionally climb, crouch, kneel, stoop or crawl, no work around heights, moving machinery or that requires balance, and work that is simple unskilled or semi-skilled, understand, remember concrete instructions, meet, greet, make change, give simple instructions and directions, and contact with supervisors, co-workers and public is superficial.

(Tr. 18, Finding 5). Based upon this assessment of Plaintiff's RFC, the ALJ determined that Plaintiff would be able to perform her Past Relevant Work ("PRW") as a cashier. (Tr. 18, Finding 6). Because Plaintiff could perform her PRW, the ALJ determined that Plaintiff was not under a disability as defined by the Act any time through the date of the ALJ's decision or through August 16, 2007. (Tr. 18, Finding 10).

On October 5, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 8). *See* 20 C.F.R. § 404.968. On August 16, 2007, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 10-12). On May 22, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on June 18, 2008. (Doc. No. 2). Both parties have filed appeal briefs. (Doc. Nos. 6-7). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ's decision that Plaintiff can perform her PRW is not supported by substantial evidence in the record as a whole and (B) the medical evidence submitted to the Appeals Council constitutes new and material evidence that requires a remand for further analysis and development. (Doc. No. 6, Pages 5-10). In response, Defendant first argues that the issues raised in Plaintiff's appeal brief should not be considered because Plaintiff has provided no argument or authority supporting those claims. (Doc. No. 7, Page 4). However, Defendant also argues that if this Court were to address these two claims, then the ALJ properly developed the record and properly concluded Plaintiff could return to her PRW. *See id.* at 4-11. Defendant also argues that the newly-submitted evidence did not warrant a remand. *See id.* at 11-12. Because this Court finds the ALJ did not fulfill his duty of fully and fairly developing the record, this Court finds this case must be reversed and remanded.

As a general rule, it is the ALJ's duty to fully and fairly develop the record, even when the claimant is represented by counsel. *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004). *See also* 42 U.S.C. § 423(d)(5)(B). In developing the record, the ALJ is not required to "go to inordinate lengths to develop a claimant's case," but the ALJ must "make an investigation that is not wholly

inadequate under the circumstances." *Battles v. Shalala,* 36 F.3d 43, 44-45 (8th Cir. 1994) (citation omitted) (quotation in the cited case). In order to determine whether the ALJ fulfilled his or her duty to fully and fairly to develop the record, this Court must consider whether the record contained sufficient evidence for the ALJ to make an informed decision. *See Payton v. Shalala,* 25 F.3d 684, 686-87 (8th Cir. 1994).

In the present action, the ALJ did not fulfill his duty of fully and fairly developing the record. During the administrative hearing, Plaintiff stated that the person who was her treating physician[3], Dr. Hill, had witnessed her grand mal seizures. (Tr. 327-328). The ALJ then stated, "I don't have anything from Dr. Hill." (Tr.328). The ALJ told Plaintiff's representative that he needed to request the records from Dr. Hill, and the ALJ left the record open for those medical records. *See id.* The ALJ then stated, "Let's see what we can get related to seizure treatment in the file." (Tr. 328). The ALJ also stated the following later in the hearing:

> Okay. Well, Mr. Freeman, you got a lot of work to do in this case. I want the records from Hadai and the Hill as to any information related to the seizures. **It appears that the claim here for disability is related to seizures, but I have nothing in the file**. Please proceed.

(Tr. 336-337) (emphasis added). When Plaintiff's representative did not obtain those records and did not have them included in the file, the ALJ made his disability determination without those records. (Tr. 13-19).

As it is clear from the hearing transcript, the ALJ felt that the medical records from Drs. Hill and Hadai were important to this disability determination. The ALJ even requested that Plaintiff's attorney locate those records and submit them. However, the Social Security Regulations ("SSR")

---

[3] In her testimony, Plaintiff indicated that Dr. Hill was her treating physician. (Tr. 327-328). Plaintiff's pharmacy records from 2006 through 2007 also indicate that Dr. Hill was her treating physician. (Tr. 301-303).

state that this responsibility–of locating and submitting records–is the ALJ's responsibility. *See* 20 C.F.R. § 404.1512(d) (stating that the responsibility for obtaining medical records is "[o]ur responsibility").  If the ALJ believed they were important or significant to this disability determination, he should have requested and obtained those medical records himself.  This is especially true where, as here, the records were from a treating physician.  *See* 20 C.F.R. § 404.1512(e) (requiring the ALJ to recontact a treating physician or psychologist or other medical source in order to determine if the claimant is disabled).

This case is remanded for the limited purpose of obtaining additional medical records and completing the medical record.  Upon remand, after the ALJ obtains those medical records, he or she should then re-evaluate Plaintiff's claimed disability.  The ALJ is not required to award benefits simply because this case has been remanded, and the ALJ is encouraged to re-evaluate the record and Plaintiff's testimony at the administrative hearing on February 13, 2007 in order to determine whether benefits should be awarded.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reverse and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

ENTERED this 24th day of June, 2009.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE