IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

AMY ROBERTS                                                                                           PLAINTIFF

vs.                                          Civil No. 1:08-cv-01040

MICHAEL J. ASTRUE                                                                              DEFENDANT
Commissioner, Social Security Administration

**ORDER**

Pending now before this Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA").  (Doc. No. 10).[1]  Defendant has responded to this Motion and objects to the hourly rate Plaintiff has requested.  (Doc. No. 12).  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 2).  Pursuant to this authority, the Court issues this Order.

**1. Background:**

Amy Roberts ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for Disability Insurance Benefits ("DIB") under Title II of the Act.  (Doc. No. 8).  On June 24, 2009, this Court reversed and remanded Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 9).

On August 26, 2009, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA.  (Doc. No. 10).  With this Motion, Plaintiff requests an award of attorney's fees of $5,029.26,[2] representing 0.3 hours of attorney work at an hourly rate of $144.00 for 2007, 22.7 hours

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."

[2] In her application, Plaintiff requested $5,040.96.  (Doc. No. 10).  However, this request was in error. Based upon the hours requested and the rates requested, Plaintiff is only seeking $5,029.26.

of attorney work at an hourly rate of $172.50 for 2008, and 6.25 hours of attorney work at an hourly rate of $171.25 for 2009. *See id.* Defendant responded to this Motion on September 2, 2009 and objects to the hourly rate Plaintiff requested. (Doc. No. 12). Defendant claims Plaintiff is not entitled to this hourly rate because this "requested hourly rate is excessive." *See id.*

2. **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be

>   increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. (Doc. No. 9). Defendant does not contest Plaintiff's claim that she is the prevailing party, does not oppose her application for fees under the EAJA, and does not dispute the number of hours expended by counsel. (Doc. No. 12). The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $5,029.26 under the EAJA. (Doc. No. 10). Plaintiff requests attorney's fees at a rate of $144.00 from 2007, $172.50 from 2008, and $171.25 from 2009. *See id.* Plaintiff submitted a CPI in support of these requested hourly rates. *See id.* While an increased hourly rate is authorized as long as a CPI is submitted, this Court will not approve the requested hourly rates of $172.50 and $171.25. *See* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d

3

at 504. Instead, this Court only approves a maximum hourly rate of $165.00. Accordingly, Plaintiff is awarded 0.3 at the hourly rate of $144.00 from 2007 and 28.95 at the hourly rate of $165.00 from 2008 and 2009.

Further, I have reviewed counsel's itemization of time appended to Plaintiff's application. (Doc. No. 10). This Court notes that Defendant has not objected to the number of hours for which counsel seeks a fee award, and this Court finds the time asserted to be spent in the representation of Plaintiff before the district court is reasonable. Thus, this Court finds that Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $4,819.95, representing 0.3 hours of attorney work performed at the rate of $144.00 per hour during 2007 and 28.95 hours of attorney work performed at the rate of $165.00 per hour during 2008 and 2009.

**4. Conclusion:**

**Based upon the foregoing, the Court awards $4,819.95 pursuant to the EAJA, 28 U.S.C. § 2412.**

**ENTERED** this **28th day of September, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE